IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

FUEL Outdoor of Toledo, LLC,

       Plaintiff,

   -vs-

City of Toledo,

       Defendant.

Case No. 3:23 CV 1641

ORDER DENYING
<u>MOTION IN LIMINE</u>

JUDGE JACK ZOUHARY

Defendant City of Toledo ("City") moves to exclude testimony related to a document referred to as "Defendant's Exhibit G" (Doc. 53). Additionally, the City moves to limit Plaintiff FUEL Outdoor of Toledo ("FUEL") from presenting start-up costs, arguing for reimbursement of storage rental fees, and limiting damages related to money owed for specific transactions (*id.*). FUEL responded in opposition (Doc. 58)

"[C]ourts are generally reluctant to grant broad exclusions of evidence before trial because 'a court is almost always better situated during the actual trial to assess the value and utility of evidence.'" *In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation*, 518 F. Supp. 3d 1028, 1033 (S.D. Ohio 2021). "Unless the moving party proves that the evidence is clearly inadmissible on all potential grounds -- a demanding requirement -- 'evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.'" *Id.*

The City first moves to exclude the testimony of FUEL's President Patrick Mency "because it is unsupported, inaccurate[,] and greatly prejudicial" (Doc. 53 at 2). Specifically, the City states

Mency "does not have personal knowledge of the information he plans on relating to the jury, rather it comes from 'knowledge of the industry and dealing with this stuff'" (*id.* at 2). The City concludes "[FUEL] has not established the proper foundation for its President Patrick Mency to testify as to the alleged lost net income from 2020 to 2040 in Toledo, Ohio" (*id.* at 10).

The City cites *JGR, Inc. v. Thomasville Furniture Industries, Inc.*, 370 F.3d 519 (6th Cir. 2004). But that case does not support the City's Motion. There, the primary issue was the admissibility of testimony by a certified public accountant and lawyer who testified to the amount of plaintiff's lost profits and business value. *Id.* at 524. The court found the trial judge abused their discretion by permitting the accountant-lawyer to testify as a lay witness, not as a qualified expert. *Id.* In addressing the contours of the argument, the Sixth Circuit quoted the Advisory Committee Notes:

> [M]ost courts have permitted the *owner or officer* of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert. Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, *but because of the particularized knowledge that the witness has by virtue of his or her position in the business*. The amendment does not purport to change this analysis.

*Id.* at 525 (emphasis in original). The accountant-lawyer was neither an owner nor an officer of the plaintiff and therefore his lay witness testimony as to lost profits and business value was impermissible. *Id.* at 526.

Here, Mency is indeed a hands-on owner and officer of FUEL "handling the operational decisions of the business" (Doc. 58 at 2). While not an expert in the legal sense, Mency may, as an owner and officer, offer lay witness testimony as to the value or projected profits of FUEL. Further, the foundation and relevance of the "information", referred to as "Defendant's Exhibit G" (Doc. 52-1 at 164–67), and any limits on testimony, are best understood within the context of the trial with cross examination.

The remaining requests from the City -- limiting presentation of the start-up costs, storage rental fees, and certain transactions -- are also best handled within the context of trial. The Motion (Doc. 53) is denied.

IT IS SO ORDERED.

_____s/ *Jack Zouhary*_
JACK ZOUHARY
U. S. DISTRICT JUDGE

November 1, 2024